**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashly Horvath,<br><br>  Plaintiff,<br><br>vs.<br><br>Camden Property Trust, et al.,<br><br>  Defendants. | No. CV-23-02211-PHX-SPL<br><br>**ORDER** |

Before the Court is Camden Property Trust, Richard J. Campo, D. Keith Oden, and Mark David Gibson's ("Defendants") Motion to Dismiss (Doc. 24), Plaintiff Ashly Horvath's Opposition to Defendants' Motion to Dismiss (Doc. 27), and Defendants' Reply (Doc. 28). Defendants request that the Court dismiss Plaintiff's Complaint (Doc. 1), in its entirety and with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion has been fully briefed and is ready for review. (Docs. 24, 27, and 28).

**I.    BACKGROUND**

Defendant Camden Property Trust hired Plaintiff as an employee on June 14, 2021. (Doc. 24 at 2). Plaintiff alleges that on August 18, 2021, Camden Property Trust notified their employees of plans to institute a COVID-19 vaccine mandate no later than October 11, 2021. (*Id.*). Plaintiff alleges that she requested a religious exemption from the mandate on August 20, 2021, and that Defendants refused the request on September 3, 2021. (*Id.*). On October 6, 2021, Plaintiff received a COVID-19 vaccination. (*Id.*). On or about October 2022, Plaintiff experienced a decline in health. (*Id.*).

On October 24, 2023, Plaintiff filed a Complaint against Defendants for a violation of Title VII of the Civil Rights Act. (Doc. 1 at 3). On February 15, 2024, Defendants filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 24). This Court now rules.

## II.   LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.   DISCUSSION

In the Complaint, Plaintiff alleges that Defendants committed a discriminatory act by refusing her request for a religious exemption to Defendants' COVID-19 vaccine

mandate. (Doc. 1 at 4). In response, Defendants filed a Motion to Dismiss alleging that Plaintiff failed to exhaust her administrative remedies prior to filing the Complaint and that Plaintiff failed to state a claim upon which relief can be granted. (Doc. 24 at 1). In her Response, Plaintiff argues that relief can be granted for the claims stated within the Complaint. (Doc. 27 at 2). Defendants counter that the Plaintiff's failure to timely file a charge with the Equal Employment Opportunity Commission ("EEOC") cannot be remedied and is grounds for dismissal with prejudice. (Doc. 28 at 1).

Within 300 days of an alleged retaliatory or discriminatory act, a plaintiff must file a charge with the EEOC, or they lose the ability to recover under Title VII. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002); 42 U.S.C § 2000e-5(e)(1). If the EEOC dismisses that filed charge and issues a right-to-sue, then a plaintiff may either appeal the dismissal or file a claim in federal district court within 90 days. 29 C.F.R. § 1614.407. Courts in the District of Arizona have held that "absent waiver, estoppel or equitable tolling, failure to comply with the exhaustion regulations is 'fatal to a federal employee's discrimination claim' in federal court." *Strous v. Yuma County Superior Court*, 2022 WL 18635264 at *2 (D. Ariz. 2002) (quoting *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002)). If timely raised, the court must enforce claim-processing rules. *Eberhart v. United States*, 546 U.S. 12, 19 (2005). This rule is a mandatory procedural hurdle for prospective plaintiffs. *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one. . .").

When Plaintiff filed her Complaint on October 24, 2023, more than 300 days had passed since September 3, 2021, the date of the alleged discriminatory act. (Doc. 1 at 4–5). Moreover, Plaintiff did not pursue any administrative remedies with the EEOC until after filing suit in the District of Arizona. (Doc. 27 at 16). As a result, Plaintiff did not receive notice of her right-to-sue until February 09, 2024. (*Id.*). Plaintiff thus failed to satisfy the claim processing requirement under Title VII because her EEOC charge did not precede the filing of this suit and was untimely when Plaintiff filed it. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 110 (requiring Plaintiff to file an EEOC complaint within

300 days to preserve Plaintiff's right to recover under Title VII). Thus, Plaintiff has failed to state a claim under 42 U.S.C § 2000e-5.

Defendants received service of the Complaint and Summons on February 01, 2024. (Doc. 17). Defendants then raised the argument that Plaintiff did not exhaust her administrative remedies on February 15, 2024. (Doc. 24 at 3–4). As such, Defendants did not delay in asserting a motion to dismiss. *See Fort Bend*, 139 S. Ct. at 1844 (establishing that the defendant waived the prerequisite of administrative remedy exhaustion by waiting years before asserting a motion to dismiss). Thus, the Court must enforce the applicable claim processing rule. *See Eberhart*, 546 U.S. at 19 (requiring enforcement when there is no delay in assertion).

Plaintiff argues that if she had filed an EEOC charge when she filed a claim in federal district court, the right-to-sue letter would still have been issued beyond the 300-day limitation. (Doc. 27 at 3). Plaintiff further asserts that the EEOC can still give the Plaintiff the notice-to-sue after the 300-day limitation if the charged party is in violation. (Doc. 27 at 3–4). This is incorrect, as Plaintiff's arguments do not change the fact that the EEOC charge filing timeline requirements are mandatory. *See Fort Bend*, 139 S. Ct. at 1851 ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one. . ."). Notably, when the EEOC provided Plaintiff with a Dismissal and Notice of Rights, the EEOC did not evaluate if a party was in violation but merely dismissed the charge due to untimely filing. (Doc. 27 at 17). Plaintiff's EEOC right-to-sue does not guarantee the survival of her subsequent claims in federal district court, but rather serves to notify Plaintiff of her options to continue pursuit of remedies for the dismissed charge. *See Lyons*, 307 F.3d at 1105 (affirming that failure to timely comply with 29 C.F.R. § 1614.105(a) is fatal to an employee's discrimination claim); *see also Strous*, 2022 WL 18635264 at *2 (dismissing a claim for failure to timely comply with the EEOC charge filing requirements). Thus, the timing requirements of the claim processing rule under Title VII remain in place and control the outcome of this case.

As such, the Court must enforce the claim processing rule that requires Plaintiff to file a charge with the EEOC within 300 days of the alleged discriminatory act and receive a right-to-sue prior to filing a claim under Title VII in federal district court. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 110 (requiring Plaintiff to file an EEOC complaint within 300 days to preserve Plaintiff's right to recover under Title VII); *see Eberhart*, 546 U.S. at 19 (requiring court enforcement of the claim processing rule).

### IV. CONCLUSION

In sum, Plaintiff failed to timely exhaust the proper administrative channels and has thus failed to state a claim. This deficit cannot be cured by any action by Plaintiff because the appropriate period to file has lapsed. Leave to amend is therefore inappropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Plaintiff's claims are dismissed with prejudice, as Plaintiff cannot possibly cure the deficiencies by the allegation of other facts. Given that recovery under Title VII is the only claim in this action, Plaintiff's Complaint is dismissed in its entirety.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 24) is **granted** and Plaintiff's claims are **dismissed with prejudice** and without leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate this action and enter final judgment accordingly.

Dated this 21st day of March, 2024.

Honorable Steven P. Logan
United States District Judge

5